Argued and submitted April 14, affirmed October 27, 2004

In the Matter of the Compensation of
Donald Arionus, Jr., Claimant.

Donald ARIONUS, Jr.,
*Petitioner,*

*v.*

PRECISION CASTPARTS,
*Respondent.*

02-00977; A120717

100 P3d 759

Edward J. Harri argued the cause for petitioner. With him on the brief was J. Michael Casey.

Katherine K. Rosenbaum argued the cause for respondent. On the brief were Deborah L. Sather, Tracy J. White, and Sather, Byerly & Holloway.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Claimant seeks review of an order of the Workers' Compensation Board, asserting that the board erred in holding that claimant's cervical condition is a disease rather than an injury and in concluding that claimant failed to establish the compensability of the condition. We review the board's order for substantial evidence and affirm.

On October 31, 2001, while claimant was adjusting and welding heavy metal plates at work, he experienced an electric-shock-like feeling and a gradual onset of numbness and aching in his left shoulder, arm, and hand and leg weakness. Claimant could not identify an injurious event, but said that his symptoms came on slowly during his shift. He sought medical treatment the next day, and doctors diagnosed cervical spondylosis with myelopathy. A cervical MRI showed multiple level disk protrusions and spinal stenosis. Claimant filed a claim for compensation for the cervical condition, including surgery.

Doctors agree that before October 31, 2000, claimant had a congenitally narrow spinal canal and degenerative changes in the cervical spine. However, Dr. Zelaya, claimant's attending physician and surgeon, opined that claimant's work activity on October 31, 2001, caused a sudden change in his condition that resulted in posterior disk protrusions and the onset of his more serious symptoms. Two other physicians, Lawlor and Bergquist, opined that, although an incident at work might have precipitated the onset of symptoms, the major contributing cause of claimant's condition was his preexisting spinal condition.

Employer denied the claim, and claimant requested a hearing. An administrative law judge (ALJ) analyzed the claim as an injury that combined with the preexisting condition to cause a combined condition. *See* ORS 656.005(7)(a)(B). Relying on the Zelaya opinion, the ALJ set aside the denial. The board reversed the ALJ's order. It concluded that claimant's cervical condition had developed gradually over time and that the claim should therefore be analyzed as an occupational disease rather than as an injury. The board further reasoned that, because the condition preexisted October 31,

2001, claimant was required under ORS 656.802(2)(b) to establish that his employment activities were the major contributing cause of the combined condition and the pathological worsening of his underlying disease. The board found that Zelaya's opinion attributing claimant's condition to his work was not persuasive because Zelaya had based it on an inaccurate and incomplete history that failed to consider claimant's pre-October 31 cervical symptoms. The board therefore concluded that claimant had failed to establish the compensability of an occupational disease. In the alternative, the board found that, even if the claim were to be analyzed as an injury, Zelaya's opinion of compensability was unpersuasive due to the lack of a complete history indicating that claimant had suffered cervical symptoms in the past.

A dissenting board member reasoned that the claim should be treated as an injury rather than as an occupational disease because claimant's symptoms were traceable to a discrete period of time. On the merits, the dissenting board member would have upheld the ALJ's conclusion that claimant's injury was the major contributing cause of the need for treatment of the combined condition.

On judicial review, claimant contends that the board erred in treating his condition as an occupational disease. He contends that the board's finding that his condition was gradual in onset indicates that it disregarded evidence that, despite the fact that claimant had a preexisting degenerative condition, his symptoms leading to disability and requiring treatment arose suddenly and dramatically, within a 24-hour period. Furthermore, claimant contends, the board misread the record. In his view, Zelaya had a complete medical history and provided an unequivocal opinion that claimant's work activity on October 31, 2001, resulted in a herniation of three cervical disks and was the major contributing cause of the need for treatment. Finally, claimant contends, the board failed to address the requirement that an occupational disease result from an "inherent hazard of continued exposure to conditions of particular employment." *O'Neal v. Sisters of Providence*, 22 Or App 9, 16, 537 P2d 580 (1975).

In response, employer contends that claimant's "inherent hazard" argument was not made to the board and

therefore is not preserved for review. Employer further argues that the board properly characterized the claim as involving an occupational disease rather than an injury because the record indicates that claimant's condition arose gradually over time rather than suddenly. Employer cites our recent opinion in *Smirnoff v. SAIF*, 188 Or App 438, 72 P3d 118 (2003), in which we discussed the occupational disease accidental injury dichotomy.

We need not decide whether the board erred in concluding that the claim is properly characterized as an occupational disease. Substantial evidence supports the board's alternative finding that, even if the claim is characterized as an injury, the evidence fails to establish that claimant's work is the major contributing cause of the combined condition, as required by ORS 656.005(7)(a)(B). Bergquist, a neurosurgeon, reviewed claimant's medical records and offered his opinion that claimant's condition was congenital and degenerative rather than to an acute abnormality. As to causation, Bergquist further opined:

> "The major contributing cause of the combined condition is the pre-existing cervical spinal stenosis due to a congenitally small canal and pre-existing degenerative change producing further focal stenosis at at least two and probably three cervical disk spaces."

Lawlor also offered the opinion that claimant's preexisting congenital and degenerative conditions are the major contributing cause of his combined condition. Both of those medical opinions provide substantial evidence in support of the board's alternative finding that, if analyzed as an injury, the claim is not compensable. Finally, the board's findings with regard to shortcomings in Zelaya's opinion are supported by substantial evidence.

Affirmed.